**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

| | | |
|---|---|---|
| JARS Holdings, LLC d/b/a JARS Cannabis, | ) ) | CASE NO. |
| | ) | JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Hempnotize LLC d/b/a Glass Jar Cannabis and Glass Jars, | ) ) ) | COMPLAINT |
| Defendants. | ) ) | |
| | ) ) | JURY DEMAND ENDORSED HEREON |
| | ) ) | |
| | ) | |

Plaintiff JARS Holdings, LLC d/b/a JARS Cannabis ("JARS" or "Plaintiff") by its undersigned attorneys, complains against Defendant Hempnotize LLC d/b/a Glass Jar Cannabis ("Glass Jar" or "Defendant"), as follows:

**STATUTORY BASIS AND NATURE OF ACTION**

1.     This action is for: (1) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114; (2) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition and deceptive trade practices under the Michigan Consumer Protection Act, Michigan Compiled Laws (M.C.L.A.) § 445.903; (4)

Michigan common law trademark infringement and unfair competition; and (5) Michigan state trademark infringement.

2.     JARS seeks preliminary and permanent injunctive relief and an award of profits and actual damages, among other remedies, for Glass Jar's unlawful conduct.

## THE PARTIES

3.     JARS is a well-known retailer with a principal place of business at 803 W. Big Beaver Rd, Suite 202, Troy, Michigan 48084.  Beginning in early 2019, JARS has provided retail store services featuring hemp-based products and smokers' articles, CBD products and hemp-based products (collectively, "JARS Services").

4.     Since at least as early as March 10, 2019, JARS has continuously used the service mark, trademark, and tradename JARS (the "JARS Word Mark") in interstate commerce with retail store services featuring hemp-based products and smokers' articles namely, cigarette papers, matches, vaporizers, flavorings and lighters, including in Michigan and this judicial district.  Since at least as early as January 31, 2020, JARS has continuously used its logo containing the term "JARS" with the same goods and services.  JARS' stylized mark is depicted below:



(the "JARS Logo") (collectively, with the JARS Word Mark, the "JARS Marks"). Attached as **Exhibit A** is a selection of advertising material showing JARS' use of the JARS Marks to advertise and promote its goods and services in interstate commerce to consumers in Michigan and this judicial district.

5.      JARS owns United States Trademark Registration No. 6,267,355, issued February 9, 2021, for the JARS Word Mark (the "'355 Registration"), for retail store services featuring hemp-based products and smokers' articles namely, cigarette papers, matches, vaporizers, flavorings and lighters in International Class 35.A copy of the '355 Registration certificate is attached hereto as **Exhibit B**.

6.      The '355 Registration is in full force and effect on the Federal Trademark Principal Register and constitutes conclusive evidence of the validity of the JARS Word Mark, JARS' ownership of the JARS Word Mark, and JARS' exclusive right to use the JARS Word Mark in commerce in connection with the registered services (15 U.S.C. § 1115(b)).

7.      In addition, JARS obtained the following Michigan State Service Mark Registrations:

| MARK: | Reg. No.: 802342669 | SERVICES COVERED: |
|---|---|---|
| JARS (plain word mark) | Reg. Date: July 12, 2019<br>App. Filing Date: May 21, 2019<br>Date of First Use: March 10, 2019 | Class 101:  Retail store services featuring hemp-based products and smokers' articles, CBD products and hemp-based products. |

| MARK: | Reg. No.: 802432529 | SERVICES COVERED: |
|---|---|---|
| (JARS Logo) | Reg. Date: March 25, 2020<br>App. Filing Date: March 11, 2020<br>Date of First Use: Jan. 31, 2020 | Class 101: Retail store services featuring cannabis, products containing cannabis, and ancillary smokers' articles. |

8.     True and correct copies of the Michigan State Service Mark Registration Nos. 802342669 and 802432529 (hereinafter, "Michigan Registrations") are attached hereto as **Exhibit C.**

9.     The Michigan Registrations are valid and subsisting, and of full force and effect under Michigan law.  By reason of the issuance of the Michigan Registrations by the State of Michigan Department of Licensing and Regulatory Affairs, JARS owns the right to use the JARS Marks throughout the State of Michigan in connection with the goods or services specified in the Michigan Registrations, under the Michigan trademark statute, Michigan Compiled Laws § 429.34.

10.     On information and belief Glass Jar is a Michigan limited liability company operating a cannabis dispensary business at 14733 S.  Telegraph Road, Monroe, Michigan 48161.

11.     Glass Jar is engaged in, among other things, the manufacture, distribution, marketing, promotion, and sale of hemp-based products and smokers' articles.

12.    Glass Jar is infringing the JARS Marks, through Glass Jar's use of the GLASS JAR Designation (as defined in paragraph 25) for goods and services that compete directly with JARS' Services.  **Exhibit D**.

13.    On information and belief, Glass Jar transacts business in this district by manufacturing, distributing, marketing, promoting, offering to sell and selling products, including products bearing the GLASS JAR Designation to Michigan customers and has conducted numerous sales to consumers, including Michigan consumers of these aforementioned products in this judicial district.

14.    Glass Jar's conduct complained of herein infringes the JARS Marks, and is likely to cause confusion, mistake or deception as to the source of JARS' services or as to an affiliation, connection, or association between JARS and Glass Jar, or concerning the origin, sponsorship, or approval of Glass Jar's goods and services by JARS, to JARS' detriment and the unjust enrichment of Glass Jar.

## **JURISDICTION AND VENUE**

15.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b); and supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

16.    Glass Jar is subject to personal jurisdiction in this judicial district because it is committing one or more of the acts complained of herein within this state

and judicial district by targeting, advertising, selling and/or offering for sale products in connection with the GLASS JAR Designation to customers in this judicial district and elsewhere.  Upon information and belief, Glass Jar has manufactured, distributed, marketed, promoted, and sold its infringing products and services to JARS' customers and prospective customers located in this judicial district.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events complained of occurred in this judicial district, Glass Jar has knowingly committed tortious acts aimed at and causing harm in this state and district, and Glass Jar is subject to personal jurisdiction herein.  Moreover, the damage to JARS and the JARS Marks has occurred and continues to occur in this judicial district.

## BACKGROUND

### A.    Plaintiff's Business and Marks

18.    At least as early as January 31, 2020, pursuant to licenses granted by the State of Michigan Marijuana Regulatory Agency and the city of Detroit, JARS began to provide retail store services featuring products containing cannabis, and ancillary smokers' articles under the JARS Marks from JARS' location in Detroit,

Michigan.  JARS continues to provide the foregoing services under the JARS Marks at its Michigan store locations.

19.    JARS has expanded its use of the JARS Marks to ten (10) different locations in Michigan, offering services from retail store locations in Ann Arbor (two locations, Main Street and Packard), Detroit (two locations, East and West), Flint (Mount Morris), Grand Rapids, Lansing, Mount Pleasant, Owosso, and River Rouge.

20.    JARS will soon expand its business in Michigan using its JARS Marks, in new retail store locations in Monroe, Battle Creek, Center Line, Flint, Jackson, Leoni Township, Mount Clemens, and a second location in Flint.

21.    JARS has continuously used the JARS Word Mark in Michigan in substantially the same form since at least as early as March 10, 2019.  JARS has continuously used the JARS Logo in Michigan in substantially the same form since at least as early as January 31, 2020.

22.    Through JARS' widespread and continuous use of its JARS Marks, the JARS Marks have acquired extensive goodwill, and have become well known and recognized by the public and the trade as identifying goods and services that originate from JARS.

23.    As a result, JARS has developed significant goodwill, intellectual property rights, and asset value in the JARS Marks.

24.    JARS is preparing to open a new dispensary under its JARS Marks at 15519 S. Telegraph Rd., Monroe, Michigan 48161.

**B.    GLASS JAR'S UNLAWFUL ACTS**

25.    Upon information and belief, Glass Jar has recently entered the business of selling hemp services, cannabis services and related goods using the name "GLASS JAR" and the logo depicted below (the "GLASS JAR Designation"):



26.    Upon information and belief, Glass Jar is using the Glass Jar name and logo to advertise and sell hemp services, cannabis services and related goods, including hemp-based products and smokers' articles, cigarette papers, matches, vaporizers, flavorings and lighters at a retail store located at 14733 S.  Telegraph Road, Monroe, Michigan, which opened on or about December 15, 2021, roughly 1.5 miles from JARS' intended next location.

27.     Upon information and belief, Glass Jar first used the GLASS JAR Designation on December 15, 2021, to sell hemp services, cannabis services and related goods in the State of Michigan.

28.     The hemp services cannabis services and related goods sold by the respective parties are in direct competition with one another in the State of Michigan.

29.     The GLASS JAR Designation is confusingly similar to the JARS Marks; and Glass Jar is utilizing its confusingly similar GLASS JAR Designation to advertise, promote, and sell hemp services, cannabis services and related goods in the State of Michigan.  The Glass Jar name and logo are used in store signage, product labels, apparel and internet advertising directed to purchasers of hemp services, cannabis services and goods related to the foregoing services in the State of Michigan.

30.     The GLASS JAR Designation is confusingly similar to the JARS Word Mark, as well as being confusingly similar to the JARS Logo, which prominently displays the word JARS in stylized form.

31.     A comparison of the two logos appears below:



32.    The Glass Jar logo includes the word JAR in large font, but includes the word GLASS in small, vertically presented font.  The Glass Jar logo presents the Glass Jar wording in a manner that emphasizes the word JAR, increasing confusing similarity to the JARS Marks.

33.    JARS has priority in time over Glass Jar in the use of the JARS Marks and any marks confusingly similar to the JARS Marks.

34.    Glass Jar has not received permission to use the JARS Marks.

35.    On or about January 18, 2022, immediately upon discovery of Glass Jar's use of the GLASS JAR Designation, JARS' counsel wrote to Glass Jar and its attorneys and advised Glass Jar of JARS' prior rights in the JARS Marks and that the GLASS JAR Designation is confusingly similar to the JARS Marks.  JARS demanded that Glass Jar cease its infringing use.  Subsequently, counsel for the respective parties discussed possible resolutions, but to no avail.  Glass Jar has

refused, and continues to refuse, to cease its infringing use of the confusingly similar GLASS JAR Designation.

36.    Upon information and belief, Glass Jar engaged in the foregoing acts with the intent that its use of the confusingly similar GLASS JAR Designation cause confusion, mistake, or deception among members of the public, including customers and vendors in the field of hemp services, cannabis services and related goods.

37.    Glass Jar, by engaging in the foregoing acts, is jeopardizing the goodwill and value associated with the JARS Marks, and is depriving JARS of the right to control the quality of hemp services and cannabis services provided under a designation that is confusingly similar to its valuable JARS Marks.

38.    Glass Jar, by engaging in the foregoing acts, is causing confusion, deception, and mistake among and by the purchasing public, and is creating a likelihood of confusion continuing in the future.  In particular, after JARS opens its own store in Monroe, Michigan, the likelihood of customer confusion will increase due to the close proximity of the two Monroe stores of the respective parties.

39.    Upon information and belief, by engaging in the foregoing acts, Glass Jar has traded on and profited from the enormous goodwill and reputation established by JARS in the JARS Marks.

40.    The unlawful actions of Glass Jar is impacting, and will continue to impact, the goodwill and reputation enjoyed by JARS under the JARS Marks unless Glass Jar is enjoined from using the GLASS JAR Designation and any other marks containing JARS.

41.    The confusing similarity between the GLASS JAR Designation and JARS Marks is likely to cause confusion with regard to the source of JARS' services.

## **FIRST CLAIM FOR RELIEF**

**Injunctive and Equitable Relief for Federal Trademark Infringement in Violation of the Lanham Act**
**(15 U.S.C. § 1114(1)(a))**

42.    JARS realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

43.    This claim is based on infringement of JARS' trademark registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 *et seq.*

44.    Long after JARS' first use of the JARS Marks, specifically the JARS Word Mark, Glass Jar began using the GLASS JAR Designation in commerce to identify its goods and services.

45.    Glass Jar's unauthorized use of the GLASS JAR Designation is likely to cause confusion, mistake or deception as to the source, affiliation, connection or

association of Glass Jar's goods and services with JARS, or as to the sponsorship, approval or affiliation of Glass Jar by or with JARS, in violation of 15 U.S.C. § 1114.

46.     Glass Jar adopted and used the GLASS JAR Designation with either actual and constructive notice or knowledge (pursuant to 15 U.S.C. § 1072) of JARS', JARS Word Mark, and JARS' exclusive rights therein.

47.     Glass Jar has refused to cease using the GLASS JAR Designation despite JARS' requests that it do so.  Glass Jar's actions therefore constitute knowing, deliberate, and willful infringement of the JARS Word Mark, and make this an exceptional case under 15 U.S.C. § 1117(a).

48.     As a result of Glass Jar's knowing, deliberate, and willful infringement of the JARS Word Mark, JARS has been, is now, and will continue to be, damaged and irreparably harmed.  Thus, JARS has no adequate remedy at law.

49.     Glass Jar will continue such infringement unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

**Injunctive and Equitable Relief for Federal Unfair Competition in
Violation of the Lanham Act
(15 U.S.C. § 1125(a)(1)(A))**

50.     JARS realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

51.    This claim is based on false designation of origin and false description or representation in violation of 15 U.S.C. § 1125(a)(1)(A).

52.    JARS has used, and is currently using, its JARS Marks to identify its services and to distinguish them from the services of others.

53.    JARS is well-known in the hemp and cannabis industry by the JARS Marks.

54.    Long after JARS' first use of the JARS Marks, Glass Jar began marketing, manufacturing, selling and distributing products bearing the GLASS JAR Designation and using the GLASS JAR Designation in interstate commerce to identify Glass Jar's goods and advertise, market, and promote those goods.  Those unlawful acts of Glass Jar are likely to confuse, cause mistake, or deceive consumers that Glass Jar's goods are authorized by, sponsored by or affiliated with JARS, all in violation of 15 U.S.C. § 1125(a).

55.    Glass Jar had direct and full knowledge of JARS' prior use of and rights in the JARS Marks before the acts complained of herein.  Glass Jar's violation of 15 U.S.C. § 1125(a) is knowing, intentional, willful and deliberate.  The knowing, intentional, willful and deliberate nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

56.     As a result of Glass Jar's willful and unlawful acts, JARS has been, is now, and will continue to be damaged and irreparably harmed.  Thus, JARS has no adequate remedy at law.

57.     Glass Jar will continue such unlawful acts unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### Injunctive and Equitable Relief for Violations of the Michigan Consumer Protection Act
### (M.C.L.A. § 445.903)

58.     JARS realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

59.     M.C.L.A. § 445.903 prohibits any unlawful, unfair, or fraudulent business act or practice and any false or misleading advertising.  This claim is based on Defendants' violations of M.C.L.A. § 445.903.

60.     JARS has used and is currently using the JARS Marks, to identify its services and to distinguish them from the goods and services of others.

61.     JARS is well known in the hemp and cannabis industry by the JARS Marks.

62.     Long after JARS' first use of the JARS Marks, Glass Jar began marketing, manufacturing, selling and distributing products bearing the GLASS JAR

designation and using the GLASS JAR designation in interstate commerce to identify Glass Jar's goods and to advertise, market, and promote those goods.

63.    In the course of conducting business, Glass Jar, with full knowledge of JARS' superior rights and prior use of the JARS Marks, committed "unlawful" business practices by, *inter alia*, willfully adopting and using the GLASS JAR designation in connection with their hemp and cannabis goods and services in Michigan, with full knowledge of JARS' prior use and rights in the JARS Marks, making Defendant's representations (which also constitute advertising within the meaning of § 445.903) and omissions of material facts, as set forth more fully herein, false and misleading.

64.    Glass Jar's actions also constitute unfair business acts or practices because, as alleged above, *inter alia*, Glass Jar engaged in deceptive and false advertising and misrepresented and omitted material facts regarding its goods and services, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.  This conduct constitutes violations of M.C.L.A. § 445.903.

65.    M.C.L.A. § 445.903 also prohibits any "fraudulent business act or practice."

66.    Glass Jar's actions, claims, nondisclosures, and misleading statements, as alleged herein, as well as its willful use of designation confusingly

similar to the JARS Marks, also constitute fraudulent business practices in violation of the M.C.L.A. because, among other things, they are false, misleading, and/or likely to deceive reasonable consumers as to the source, sponsorship or approval of JARS' services as to whether Glass Jar is affiliated, connected or associated with JARS, all in violation of the M.C.L.A.

67.    There were reasonably available alternatives to further Glass Jar's legitimate business interests, other than the conduct described herein.  Therefore, Glass Jar's conduct was of little utility compared to the harm it caused, and is causing, JARS.

68.    As a result of Glass Jar's pervasive false marketing and advertising, including deceptive and misleading acts and omissions as detailed herein, JARS has in fact been harmed as described above.

69.    As a result of Glass Jar's unlawful, unfair and fraudulent practices, JARS has suffered injury in fact and lost money.

70.    As a result of its deceptions, Glass Jar has been able to reap unjust revenue and profit in violation of the M.C.L.A. because JARS' customers have purchased goods from Glass Jar, believing them to be JARS' goods based on the JARS marks and owned by JARS.

71.    Unless restrained and enjoined, Glass Jar will continue to engage in the above-described conduct and cause damage and injury to the business reputation

and confusion as to the source of Glass Jar's goods, all to JARS' and the public's irreparable harm, for which JARS has no adequate remedy at law.  Accordingly, injunctive relief is appropriate in this case.

72.    As a result of Defendant's conduct in violation of the M.C.L.A., JARS has been injured as alleged herein in amounts to be proven at trial.

73.    As a result, JARS seeks restitution and disgorgement of all money obtained or collected by Glass Jar as a result of Glass Jar's unlawful, unfair, and/or fraudulent conduct, and seeks injunctive relief, and all other relief this Court deems appropriate, consistent with the M.C.L.A.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

74.    JARS realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

75.    This claim is based on Michigan common law trademark infringement and unfair competition.

76.    JARS owns and has used the JARS Marks in connection with its services since at least as early as 2019.  Because of JARS' longstanding and extensive use of the JARS Marks, the JARS Marks have become uniquely associated with JARS and they identify JARS' services.  The JARS Marks are valid trademarks under Michigan state common law.

77.   Glass Jar's acts constitute willful trademark infringement under Michigan common law.  In Michigan, Glass Jar has used the GLASS JAR Designation which is confusingly similar to the JARS Marks.

78.   Glass Jar's unauthorized and infringing use in commerce of the JARS Marks on similar goods and services to those sold by JARS constitutes willful unfair competition with JARS under the common law, in that Glass Jar's use of the GLASS JAR Designation, will cause consumers to believe that JARS and Glass Jar are connected or otherwise affiliated when they are not and is likely to cause confusion, mistake or deception, and result in the unjust enrichment of Glass Jar.

79.   Unless enjoined by this Court, Glass Jar will continue to cause irreparable harm to JARS and the public, for which JARS has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Infringement of Michigan Registered Trademarks

80.   JARS realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

81.   Glass Jar's acts as described above, including adoption and use of the Glass Jar name and logo, are infringements of JARS' prior JARS Marks, constituting use of copies or colorable imitations of the JARS Marks protected by the Michigan Registrations in connection with sale, offering for sale, or advertising of goods or

services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services, in violation of the Michigan Trademark Statute, Michigan Compiled Laws, Ch. 429.

82.   As a result of the foregoing violations, JARS has suffered monetary damages, in an amount to be determined at trial.

83.   JARS is entitled to injunctive relief enjoining Glass Jar's acts conducted in violation of the Michigan trademark statute, Michigan Compiled Laws, Ch. 429.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, JARS prays for an order and judgment:

A.   That Glass Jar has infringed U.S. Trademark Registration No. 6,267,355;

B.   That Glass Jar is liable for unfair competition relative to each of the JARS Marks;

C.   That Glass Jar's actions constitute unfair competition and deceptive business practices in violation of the Michigan Consumer Protection Act, Michigan Compiled Laws § 445.903;

D.   That Glass Jar's actions constitute trademark infringement and unfair competition under the Michigan common law;

E.   Preliminarily and permanently restraining and enjoining Glass Jar, its

directors, managers, members, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further infringement of the JARS Marks, including:

     (1)   reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with Glass Jar's business without the consent of JARS, the JARS Marks exclusively or as a portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks on products similar to those used by JARS with the JARS Marks;

     (2)   using in any way in connection with Glass Jar's business any other mark, designation or term so similar to the JARS Marks, as to be likely to cause confusion, or to cause mistake, or to deceive;

     (3)   otherwise infringing the JARS Marks;

     (4)   injuring JARS' business reputation and the goodwill associated with the JARS Marks, and from otherwise unfairly competing, directly or indirectly, with JARS; and

     (5)   causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by JARS, or engaging in conduct tending to create a false commercial

impression of JARS' products or services or any other conduct that tends to pass off Glass Jar's products or services as those of JARS or creates a likelihood of confusion, misunderstanding, or false representation.

F.      Ordering Glass Jar to account for and pay to JARS its actual damages by reason of Glass Jar's infringement, unfair competition, and to account for and pay over to JARS all gains, profits and advantages derived by Glass Jar from its infringement, unfair competition, and other unlawful acts, and such other damages as appear proper to the Court;

G.      Ordering Glass Jar, to deliver up for destruction or show proof of such destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, displays, advertisements, packaging, publications, literature, sales aids, promotional items, apparel, computer files (including but not limited to any text and/or images that are hosted on Glass Jar's website(s) or social media sites, or on any of Glass Jar's computers or hard drives or other storage media) or any other materials in its possession or control or in the possession or control of its agents, that bear the designation GLASS JAR, or JARS, alone or in combination with other words or terms or any mark or term confusingly similar to the JARS Marks, including all means of making the same;

H.      Granting JARS a judgment for restitution, disgorgement, injunctive relief, and all other relief this Court deems appropriate, consistent with the

Michigan Consumer Protection Act, Michigan Compiled Laws § 445.903.

I.      Granting JARS a judgment for punitive damages in an amount to be determined;

J.      Ordering Glass Jar to file in court and to serve upon JARS' counsel, within thirty days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Glass Jar has complied with this injunction;

K.      Finding Glass Jar to have willfully infringed the JARS Marks and awarding JARS enhanced damages of three times its compensatory damages for Glass Jar's willful infringement;

L.      Awarding JARS pre-judgment and post-judgment interest;

M.      Finding this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117 and awarding reasonable attorneys' fees to JARS;

N.      Awarding costs to JARS; and

O.      Granting JARS such other and further relief as may be proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: May 20, 2022                    Respectfully submitted,

                                       **JARS Holdings, LLC d/b/a JARS Cannabis**

                                       By:  */s/ Marcus S. Harris*
                                       _____
                                            One of Its Attorneys

                                       Marcus S. Harris

                                       TAFT STETTINIUS & HOLLISTER LLP
                                       111 East Wacker Drive, Suite 2800
                                       Chicago, Illinois 60601
                                       Telephone:  (312) 527-4000
                                       mharris@taftlaw.com